# IN THE OREGON TAX COURT

Batherine FEATHER

*v.*

# DEPARTMENT OF REVENUE

(TC 3297)

Batherine Feather appeared *pro se*.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered January 28, 1993.

**CARL N. BYERS, Judge.**

Plaintiff appeals assessments of personal income tax for the years 1984, 1986, 1987 and 1990.[1] She claims her income for those years was exempt from state taxation under ORS 316.777(1). That statute provides:

"Any income derived from sources within the boundaries of an active Indian reservation in Oregon by any enrolled member of a federally recognized American Indian tribe residing on an Oregon Indian reservation at the time the income is earned, is exempt from tax under this chapter."

Defendant agrees that plaintiff is a member of a federally recognized tribe and earned income within the boundaries of an active reservation. The only issue is whether plaintiff resided on an "Oregon Indian reservation" at the time the income was earned.

---

[1] Plaintiff's complaint also includes the years 1985, 1988 and 1989. However, those years were not appealed to the department, therefore, they cannot be considered by the court.

There is no dispute where plaintiff lived during the years in question. During 1984, 1986 and 1987, plaintiff resided at 1309 Southwest Vita Court, Pendleton. During 1990, plaintiff resided at 3404 Northeast Riverside Avenue, Pendleton. Plaintiff claims these properties are on the reservation as established by the 1855 Treaty with the Walla Walla, Cayuse and Umatilla tribes. Defendant responds that the original reservation was later diminished by an act of Congress. The parties have agreed that the court may decide this dispute based on the maps submitted and any other facts of which the court may take judicial notice.

■ The court has examined the maps and the legislation. Defendant is correct. In 1885 Congress diminished the boundaries of the Umatilla Indian Reservation. Act of March 3, 1885, ch 319, 23 Stat 340. While plaintiff's addresses are within the boundaries of the original reservation, they are not within the boundaries of the diminished reservation. Accordingly, the court must find that plaintiff does not qualify for exemption under ORS 316.777(1) and her income for the years in question is taxable. Judgment will be entered sustaining defendant's Opinion and Order Nos. 91-1600 and 92-0750.